UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETTINA MUNDS MAYNARD MCNALLY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C12-1089-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Bettina McNally seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. Ms. McNally contends the ALJ erred by (1) failing to find her cervical problems and incontinence were severe impairments at step two; (2) rejecting the opinions of treating doctor Ted Burner, M.D.; (3) failing to consider the combined effects of her impairments; (4) rejecting her testimony; and (5) failing to call a vocational expert at step five. Dkt. 12. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative pursuant to sentence four.

## BACKGROUND

Utilizing the five-step disability evaluation process, the ALJ found:

**Step one:** Ms. McNally had not worked since October 10, 2003, the alleged onset date.

REPORT AND RECOMMENDATION - 1

**Step two:** Lumbar degenerative disc disease status post surgery, bilateral shoulder rotator cuff tears status post left rotator cuff repair, right greater trochanteric bursitis, left knee arthritis, left bunion, major depression, posttraumatic stress disorder, anxiety disorder, and polysubstance addiction in remission were severe impairments.

**Step three:** These impairments did not meet the requirements of a listed impairment.[1]

**Residual Functional Capacity:** Ms. McNally could perform light work as follows:

> She could lift or carry 20 pounds occasionally and 10 pounds frequently. She could stand, walk or sit with normal breaks for about 6 hours in an 8 hour workday. She could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but could never climb ladders, ropes or scaffolds. She could perform some multistep tasks and could concentrate on well learned tasks. She could work around others but not with high levels of cooperation. She could have superficial public contact.

**Step four:** Ms. McNally could not perform her past work.

**Step five:** As there exists jobs Ms. McNally could perform, she was not disabled.

Tr. 7-31. The Appeals Council denied Ms. McNally's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.

## DISCUSSION

**A.     The ALJ's step two findings**

Ms. McNally contends the ALJ erred at step two by failing to consider her "cervical impairments or her incontinence/irritable bowel syndrome." Dk. 12 at 3. At step two, Ms. McNally had the burden to show each of these conditions was a medically determinable impairment, and that each condition was a severe impairment for at least 12 continuous months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is medically determinable if established by medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. § 404.1508.

---

[1] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

The ALJ did not err in failing to find incontinence or irritable bowel syndrome ("IBS") were severe impairments. The July 15, 2010, IBS, and June 17, 2010, "urge and stress incontinence" diagnoses[2] appear to be one time diagnoses. To be sure, the medical record shows Ms. McNally has a past history of abdominal pain and nausea. But her abdominal pain was diagnosed as gastroenteritis, not incontinence or IBS (Tr. 411), and the records noting "nausea" indicated "her bowel has been normal." Tr. 441. Although IBS and incontinence were diagnosed by a medical source, because they did not persist for at least 12 continuous months, they cannot be deemed severe impairments. Additionally, there is nothing in the medical record showing IBS or incontinence significantly limited Ms. McNally's ability to do basic work activities. 20 C.F.R. § 404.1520(c), 404.1521(a). In fact, Ms. McNally testified she could not work due to pain and mental health problems, not IBS or incontinence. *See* Tr. 49-52. Accordingly, the Court affirms the ALJ's treatment of IBS and incontinence.

The Court, however, finds the ALJ erred in failing to find Ms. McNally's cervical impairments were severe impairments. In August 2008, Virany Hillard, M.D., examined Ms. McNally and noted she had neck pain and pain radiating into her arms with tingling in her fingers. An X-ray examination showed Ms. McNally had "curvature of the cervical spine to compensate for her scoliosis and degenerative disc disease at least at C-5." Tr. 338. Based on the examination an MRI was ordered. An MRI performed in February 2009 showed Ms. McNally had:

> Small central disc protrusion at C3-4 without cord impingement. Very mild cord impingement at C5-6, secondary to degenerative disc disease. Left-sided forminal stenosis at this level. Correlate with left C6 radiculopathy. Less pronounced degenerative change at C6-7 without cord impingment at this level. Corrolate with left C-7 radiculopathy.

---

[2] *See* Tr. 704, 719.

REPORT AND RECOMMENDATION - 3

Tr. 666.  In March 2009, Dr. Hillard examined Mr. McNally again and noted she had:

> She is mainly here for new symptoms, which is mainly left arm pain.  She says at its worst it is 10/10.  There is an achiness in the medial aspect of the arm and the biceps area that goes down into the forearm with intermittent numbness in the fourth and fifth fingers of the left hand and also  intermittently in the right hand fourth and fifth fingers.  She says she sleeps and wakes with her arm numb and in pain.  Even certain positions would aggravate things.

Tr. 850.  The record thus establishes Ms. McNally's cervical problems are medically determinable impairments which persisted for 12 continuous months; the Commissioner does not argue otherwise.  The Commissioner does, however, contend any step two error the ALJ may have committed is harmless and that there is no evidence Ms. McNally's cervical problems limited her ability to work.  Dkt. 13 at 6-7.

The Court disagrees.  The record establishes the cervical problems were medically determinable impairments.  Based on Dr. Hillard's records, these impairments had more than a minimal effect on Ms. McNally's ability to work.  There was thus no basis for the ALJ to conclude the cervical impairments were "not severe" impairments.  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  In assessing a claimant's residual functional capacity, an ALJ must consider the limitations and restrictions caused by the claimant's medically determinable impairments, including any related symptoms.  SSR 96-8p.[3]  That did not occur here.  Instead, the ALJ failed to acknowledge, discuss or evaluate Ms. McNally's cervical problems in assessing her RFC and in finding there were any jobs in the national economy she could perform

---

[3] *See also* 42 U.S.C. § 423(d)(2)(B) ("In determining whether an individual's . . . impairments are of a sufficient medical severity that such . . . impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."); *Celaya v. Halter*, 332 F.3d 1177, 1181–82 (9th Cir. 2003) (same).

REPORT AND RECOMMENDATION - 4

at step five. As such, the ALJ's step two error was not harmless.

Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings. *McCartey*, 298 F.3d at 1076. This is the case here. The record is not fully developed because it is unclear an ALJ would be required to find Ms. McNally disabled even assuming all of the limitations noted by Dr. Hillard were included in her RFC. Accordingly, the matter should be remanded for further administrative proceedings.

**B.      The ALJ's evaluation of Dr. Burner's opinions**

Tim Burner, M.D., has treated Ms. McNally since January 27, 2010. Tr. 597. In January 2011, he opined Ms. McNally was unable to work based on her physical and mental impairments. *Id.* The ALJ gave Dr. Burner's opinions "no weight" on the grounds they were "completely inconsistent with his treatment notes," there was "little in the way of objective findings," imaging studies showed "only mild findings," and his "opinions are in the nature of advocacy." Tr. 29. Substantial evidence does not support the ALJ's findings.

First, the record shows Dr. Burner's January 2011 opinions are not "completely" inconsistent with his treatment notes. Rather, the record shows the ALJ selectively picked portions of several entries the doctor made. The ALJ focused on Dr. Burner's July 1, July 14, and September 2010 notes that Ms. McNally was alert, calm, in no distress with normal speech

REPORT AND RECOMMENDATION - 5

and cognition. *Id.* However, the ALJ omitted other portions of doctor's notes from those same dates indicating that due to stress, Ms. McNally was getting out less and less; that she had chronic pain and anxiety, low back pain, rotator cuff problems, and joint pain; that she had increased difficulty with sedation during the daytime; that she had increased pain with increased activity; and that she "still had significant shoulder, back, and bilateral hip pain." *See* Tr. 687, 704, 707. While an ALJ is charged with evaluating the medical evidence,[4] an ALJ may not selectively focus only on aspects of a doctor's report which tend to suggest non-disability, and disregard other relevant aspects of the report. *See Edlund v. Massnari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Second, the ALJ found the mild objective or test findings regarding Ms. McNally's physical problems undercut the doctor's opinions. This may be grounds to discount the doctor's opinions regarding Ms. McNally's physical limitations.[5] But a lack of objective findings about Ms. McNally's physical problems are not probative of Ms. McNally's mental health problems, in a case such as this one, where the ALJ found PTSD, stress disorder, and anxiety disorder were severe mental impairments at step two; where Dr. Burner's treatment records repeatedly noted these conditions and some of their effects on Ms. McNally; and where there is nothing showing Dr. Burner failed to apply appropriate medical standards in assessing Ms. McNally's mental problems.

And third, while an ALJ may in some cases discount the opinion of doctor who acts as a claimant's advocate, this is not such a case. The ALJ provided no explanation for his finding that Dr. Burner's opinions "are in the nature of advocacy," and there is nothing in record

---

[4] *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).
[5] *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (ALJ may reject a treating physician's opinion that is inconsistent with the record and not supported by objective evidence).

REPORT AND RECOMMENDATION - 6

showing the doctor provided the opinion letter to advocate for benefits.  While the ALJ provided no explanation for his finding, he did cite to a number of cases including *Matney on behalf of Matney v. Sullivan*, 981 F.2d 1016, 1081 (9th Cir. 1992).  Tr. 29, n.21.  In *Matney*, the ALJ discounted the opinion of a doctor who examined the claimant only once, produced a brief report based primarily on the claimant's self-reports and who had "agreed to become an advocate and assist in presenting a meaningful petition for Social Security benefits."  *Id.*  The Court of Appeals found that these were specific, legitimate reasons to disregard the conclusions of the doctor.  In contrast, the record shows Dr. Burner treated Ms. McNally for a year before rendering his opinions and documented his treatment.  There is no indication that he ever agreed to be Ms. McNally's advocate or to assist her in seeking disability benefits.  The ALJ's finding that his opinion is in the nature of advocacy is not supported by substantial evidence.

Accordingly, the ALJ erred in rejecting Dr. Burner's opinions.  The error was not harmless because Dr. Burner opined Ms. McNally was more limited than the ALJ found.  As discussed above, the Court has the discretion to remand for further proceedings or to award benefits.  Because it is unclear an ALJ would be required to find Ms. McNally disabled even assuming all of the limitations noted by Dr. Burner, the matter should be remanded for further administrative proceedings pursuant to sentence four.

**C.      The ALJ's consideration of the combination of Ms. McNally's impairments**

Ms. McNally argues "[r]ather than considering the combination of Ms. McNally's total impairments, and the record as a whole, the ALJ improperly chose to isolate a specific quantum of evidence to reach his determination that she is able to engage in regular and continuous work."  Dkt. 12 at 6.  She also argues the ALJ failed to consider the side-effects of her medications.  *Id.* at 15.  Because the matter should be remanded to reevaluate Ms. McNally's

REPORT AND RECOMMENDATION - 7

cervical problems and Dr. Burner's opinions, the Court need not resolve these issues at this point. On remand, the ALJ will be in better position to determine the combined effects of Ms. McNally's relevant impairments including the impact of her medications.

**D. The ALJ's assessment of Ms. McNally's credibility**

The ALJ discounted Ms. McNally's testimony on the grounds she briefly worked in 2009; engaged in drug seeking behavior (sought pain medication); performed daily activities inconsistent with her claimed limitations and that the medical record was inconsistent with her testimony. The Court need not resolve the issue at this point because on remand, the ALJ's reevaluation of Ms. McNally's cervical problems and Dr. Burner's opinions may well have a bearing on what weight Ms. McNally's testimony should be given. The Court also notes the ALJ's credibility determination cannot at this point be resolved based on Ms. McNally's 2009 work attempt or her daily activities. Ms. McNally's failed attempt to work for a short time in 2009 is not grounds to discount her credibility. *See Lingenfelter v. Astrue*, 504 F3d 1028, 1031 (9th Cir. 2007). Likewise, her attempts to lead a normal life by trying to care for her son, attend to her personal grooming, make simple meals and go grocery shopping are not grounds to discount her credibility. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (ALJ may not penalize claimant for attempting to live a normal life in the face of her limitations).

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to sentence four.

On remand, the ALJ should (1) find at step two Ms. McNally's cervical problems are severe impairments; (2) reevaluate Dr. Burner's opinions and Ms. McNally's credibility; (3)

reevaluate Ms. McNally's RFC as needed; (4) proceed to steps four and five as appropriate; and (5) call a vocational expert if deemed necessary.[6]

      A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **March 5, 2013.** If no objections are filed, the matter will be ready for the Court's consideration on **March 8, 2013**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

      DATED this 19th day of February, 2013.

/s/ Brian A. Tsuchida

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[6] Because the matter should be remanded, the Court need not address Ms. McNally's claim that the ALJ erred at step five by failing to call a vocational expert. *See* Dkt. 12 at 16.

REPORT AND RECOMMENDATION - 9